IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MANHAR SEJPAL,
    *Plaintiff*,

v.

COAST DENTAL SERVICES, LLC.,
    *Defendant*.

Case No. _____

## NOTICE OF REMOVAL

Defendant Coast Dental Services, LLC ("Defendant") hereby gives notice of removal of the above-captioned action from the Sixth Judicial Circuit Court in and for Pasco County, Florida, Case Number 2022-CA-002025, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support thereof, Defendant respectfully states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    This action was commenced on August 4, 2022 by Manhar Sejpal ("Plaintiff") by the filing of a complaint asserting claims under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(8)(a), in the Sixth Judicial Circuit Court in and for Pasco County, Florida, Case No. 2022-CA-002025, entitled *Manhar Sejpal v. Coast Dental Services, LLC* (hereafter, the "State Court Action"), based on alleged "telephonic sales calls" he purportedly received on his cell phone without his consent.

2.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint filed against Defendant in the State Court Action (hereafter, the "Complaint" or "Compl.") is attached to this Notice as **Exhibit A**. True and correct copies of all other

filings in the State Court Action to date are attached to this Notice as **Exhibit B**.

3. A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit C**.

4. On October 10, 2022, Plaintiff purportedly served Defendant with a copy of the Summons and Complaint. *See* Declaration of Debbie Nicholson ("Nicholson Decl."), attached hereto as **Exhibit D**, at ¶ 8. This Notice of Removal, filed within 30 days from service, is therefore timely pursuant to 28 U.S.C. § 1446(b).

## JOINDER

5. No other defendants have been named in the State Court Action, and therefore, no joinder of additional defendants to this removal is necessary.

## RELEVANT ALLEGATIONS

6. Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of himself and a putative class of similarly-situated persons, for allegedly making or causing others to make multiple unlawful "telephonic sales calls" without obtaining the "prior express written consent" of Plaintiff and the putative class members, in purported violation of the FTSA. *See, e.g.,* Compl. ¶¶ 1-3, 8-12, 14, 19, 22-30, 36-55.

7. More specifically, Plaintiff's Complaint alleges, *inter alia*, that (i) "Defendant has placed telephonic sales calls to telephone numbers belonging to hundred [*sic*] if not thousands of consumers listed throughout in Florida," including Plaintiff's, in violation of the FTSA; (ii) the exact number of putative class members is unknown, but believed to "number in the several thousands, if not more"; (iii) "the

aggregate damages sustained by the [putative] Class are potentially in the millions of dollars"; (iv) "Defendant made or knowingly allowed telephonic sales calls to be made to Plaintiff and the [putative] Class members" in this case; and (v) "Plaintiff's claims are typical of the claims of the [putative] Class members, as they are all based on the same factual and legal theories." *Id.* ¶¶ 37, 38, 42, 44, 52.

8.  The Complaint seeks "damages" for Plaintiff and each putative class member, injunctive relief, and "any other available legal or equitable remedies." *Id.* ¶¶ 11-12, 54-55, Prayer. The FTSA permits statutory damages in the amount of $500 per violation. Fla. Stat. § 501.059(10)(a). Statutory damages can be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9.  Defendant disputes all of Plaintiff's allegations, believes the Complaint lacks any merit and fails to state a claim for relief, and denies that Plaintiff or the putative class has/have been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, therefore, Defendant does not waive any arguments with respect to the Complaint or otherwise in this matter. As demonstrated below, however, this Court has jurisdiction over Plaintiff's claim and removal of the State Court Action to this Court is therefore proper based on the face of the Complaint. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F.App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of jurisdictional analysis); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Baldwin v. Boise Paper Holdings, L.L.C.*, 631 F.App'x 831, 833 (11th Cir. 2015).

## CAFA JURISDICTION

10. This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant…" and require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA removal requirements); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014) (same). As shown below, this case readily meets all of these requirements and, therefore, removal under CAFA is proper.

11. **First**, the State Court Action is a "class action" under Section 1332(d)(2), thus meeting the first CAFA requirement, because Plaintiff seeks to represent a class of similarly-situated persons pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). *See, e.g.,* Compl. ¶¶ 11, 12, 18, 27, 32, 36-46, 51-55; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.,* 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. **Second**, there is minimal diversity between Plaintiff and members of the putative class, on the one hand, and Defendant, on the other. *See, e.g., Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 911-12 (11th Cir. 2014) (minimal diversity met for CAFA where

"any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant"); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1194, n.24 (11th Cir. 2007) (for the minimal diversity requirement, "only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant") (citing 28 U.S.C. § 1332(d)(2)). In this regard, minimal diversity is met here because, *inter alia*:

    a.    Plaintiff alleges that he (a) has a phone number with a Florida (813) area code, (b) is a resident of Pasco County, Florida, and (c) received the "calls" at issue "while residing and physically present in Florida." Compl. ¶¶ 13, 15, 18, 19.

    b.    Plaintiff's Complaint further alleges that Defendant is both incorporated and maintains its principle place of business in Florida. *See id.*, ¶ 17.

    c.    However, Plaintiff's putative class, as alleged in the Complaint, is <u>not</u> limited to just Florida residents, citizens, or area codes, but rather is broadly defined, in pertinent part, to include "[a]ll persons ***in Florida*** who … were sent a text message regarding Defendant's goods or services…." *Id.* ¶ 36 (emphasis added).[1]

    d.    Further, Defendant has offices located in Florida as well as in Georgia and Texas. *See* Nicholson Decl., ¶ 6.

    e.    Defendant will sometimes communicate with patients, via text message or phone call, to convey patient health and treatment information. *See id.*, ¶ 7.

    f.    According to Defendant's records, multiple texts and calls were sent/made by or on behalf of Defendant to multiple persons (patients) who provided

---

[1] Defendant does not concede that Plaintiff's proposed class definition is adequately pled.

Defendant with phone numbers with non-Florida area codes and with non-Florida ZIP codes for their permanent mailing addresses and/or places of residence. *See id.*, ¶¶ 5-6.

    g.  Moreover, certain of Defendant's Florida offices—like Tallahassee, for example—are close to the state border, and it is not uncommon (and indeed it is routine) for its patients to travel to Florida from out of state for dental care. *See id.*, ¶ 6.

    h.  Therefore, non-Florida citizens, who travelled to Florida for dental care, would fall within the scope of Plaintiff's putative class definition, as alleged in the Complaint. *See* Compl. ¶ 36. *See also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use ... common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements."); *Heretick v. Publix Super Markets, Inc.,* 841 F. Supp. 2d 1247, 1250 (M.D. Fla. 2012) ("common sense confirms that, at least, some non-citizens of Florida used a Publix ATM" where the putative class definition was not expressly limited to Florida citizens) (*citing Roe, supra*). Consequently, there is minimal diversity and the second CAFA requirement is met.

    13.  **Third**, the plausible class number and amount in controversy well exceed the requisite minimums under CAFA based on the face of Plaintiff's Complaint alone. *See, e.g., Roe,* 613 F.3d at 1061-1062 ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."); *Williams v. Best Buy Co., Inc.,* 269 F.3d

1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met); *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'") (quoting *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)). In this regard, and as noted above, Plaintiff seeks a minimum of $500.00 for each violation, and alleges *inter alia* that: (a) Defendant made or caused to be made multiple "telephonic sales calls" to him and "thousands" of putative class members in purported violation of the FTSA; (b) the potential class members "number in the several thousands, if not more"; (c) "the aggregate damages sustained by the Class may be in the millions of dollars"; (d) Defendant "knowingly" violated the FTSA for treble statutory damages purposes; and (e) his claim (*i.e.,* that he allegedly received multiple "telephonic sales calls" that were "knowingly" made by or behalf of Defendant) is "typical" of the putative class members' claims. Compl. ¶¶ 24, 37, 38, 42, 44, 52. As shown below, these allegations show that the number of potential class members and amount in controversy in this case exceed the CAFA minimums.

14. Conservatively assuming that "several thousands" of class members as Plaintiff alleges means at least 2,000 persons and possibly as many as 3,000 persons ("if not more" according to Plaintiff), the potential number of class members easily exceeds the CAFA threshold of 100. *See* 28 U.S.C. § 1332(d)(5); *see also* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "several" as meaning "more than one or two but not a lot"); *Laboratoires Perouse, S.A.S. v. W.L. Gore & Assocs., Inc.*, 528 F. Supp. 2d 362,

390 (S.D.N.Y. 2007) (explaining that "several" means "more than two"); *Barrett v. C.O. Matters*, 2015 WL 5881602, at *9, n.9 (M.D. Pa. Sept. 30, 2015) ("Although the word 'several' may sometimes be used to mean 'more than one,' it is typically defined as 'more than two.'") (citing, *inter alia*, *Laboratoires Perouse* and BLACK'S, *supra*).

15. Further, based on the allegations in the Complaint and reasonable deductions and inferences to be drawn thereon, the alleged amount in controversy in this case exceeds $5,000,000. *See Roe,* 613 F.3d at 1061-1062; *Williams,* 269 F.3d at 1319; *Fox,* 977 F.3d at 1045.[2] For example, as noted above, Plaintiff alleges that (1) Defendant used automated technology to unlawfully make multiple "telephonic sales calls" to him and to "thousands"—or, rather "several thousand, if not more"—of putative class members and "knowingly" violated the FTSA, and (2) potentially "millions of dollars" in damages were sustained by him and the putative class members. Thus, conservatively estimating that (a) each of the putative class members received multiple violative

---

[2] Defendant does not concede (and indeed disputes) that Plaintiff or any putative class member is entitled to recover any damages, nor is Defendant required to allege or show that Plaintiff or anyone is actually entitled to (or could) recover damages or has suffered any injury for present purposes. *See, e.g., Gonzalez v. TCR Sports Broad. Holding, LLP,* 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. That is clearly not what the law requires.") (citing, *inter alia, Dart Cherokee*); *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.,* 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) ("Although standing is a jurisdictional issue, it differs from subject matter jurisdiction needed for removal. Original jurisdiction like diversity or federal question jurisdiction governs removal under 28 U.S.C. § 1441…. And § 1441 does not require proof of standing" in order to remove.) (internal citations omitted); *Anderson v. Witco Life Ins.* Co., 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751, 754 (11th Cir. 2010)).

"telephonic sales calls" as Plaintiff allegedly did (*i.e.*, that Plaintiff's claims are truly "typical" of the putative class), and (b) each putative class member would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each of these alleged "knowing" violations, it is plausible that the amount in controversy as alleged in this Complaint exceeds the CAFA minimum threshold (*i.e.*, a minimum of 2,000 putative class members, multiplied by at least two "telephonic sales calls" each, multiplied by $1,500 per class in trebled damages equals **$6 million**). If there are truly "several thousands, if not more" putative class members as Plaintiff alleges (*i.e.,* 3,000 class members, and possibly "more"), that would only increase the amount in controversy in this case exponentially. Courts in the Eleventh Circuit and elsewhere routinely calculate the amount in controversy for removal purposes in this fashion. *See, e.g., Doss v. Am. Fam. Home Ins. Co.*, 47 F. Supp. 3d 836, 840 (W.D. Ark. 2014) ("Using the named Plaintiffs as 'typical' class members and multiplying their claims by the number of persons estimated in a class is precisely how courts generally determine the estimated amount in controversy" under CAFA); *Bayberry Lakes Homeowners Ass'n, Inc. v. Boeneman*, 2018 WL 6680993, at *1–2 (M.D. Fla. Sept. 28, 2018) (concluding multiplying the amount of damages of one plaintiff across putative class shows the damages meet the CAFA jurisdictional threshold) (citing *Pretka*, 608 F.3d at 769);[3]

---

[3] Defendant acknowledges that, in *Pretka*, the Eleventh Circuit held that "[t]he typicality element of a class action, by itself, does not allow us to infer that the *amounts* of the named plaintiffs' claims are similar to those of other class members." 608 F.3d at 769 (emphasis in original). Here, the Court need not infer any amounts and need only look to the Complaint. Indeed, according to the Complaint, each putative class member would be entitled to $500 or $1,500 per alleged call, would had to have received at least one such call to be in the class, and likely received more than one call (*i.e.,* "telephonic sales calls"). *See also Schaefer v. Seattle Serv. Bureau, Inc.,* 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) (stating that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy

*Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. July 29, 2014) (calculating amount in controversy under CAFA in this manner, holding that "if every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied"); *Bankhead v. Castle Parking Sols., LLC*, 2017 WL 10562976, at *3 (N.D. Ga. Dec. 1, 2017) (determining amount in controversy based on allegations in the complaint alone, using plaintiff's estimates regarding damages and potential class size as a "base amount"); *Scott v. Ing Clarion Partners, LLC*, 2006 WL 3191184, at *4 (N.D. Ga. Oct. 31, 2006), *aff'd*, 262 F. App'x 983 (11th Cir. 2008) (calculating the amount in controversy for the class by multiplying amount of plaintiff's alleged damages by size of class).[4] Therefore, the third and final CAFA requirement is satisfied in this case.

16. Given the foregoing, all three of the CAFA removal requirements are met in this case and, as such, removal to this Court is proper.

## VENUE

17. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was initially brought in the Sixth Judicial Circuit Court in and for

---

exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions."); *Norris v. Freedom Life Ins. Co. of Am.,* 2020 WL 887707 at *1, n.2 (M.D. Fla. Feb. 24, 2020) (evidence of the amount is only required if "the plaintiff contests, or the courts question, such allegation[s]").

[4] *See also Napoli v. HSBC Mortg. Servs. Inc.,* 2012 WL 3715936, at *2 (D.N.J. Aug. 27, 2012) ("Because Plaintiffs' claims are alleged to be typical of the class, it is reasonable for this Court to simply multiply their purported damages amount by the number of foreclosures alleged in the Complaint.") (collecting cases); *Alper v. Select Portfolio Servicing, Inc.*, 2019 WL 3281129, at *3 (D. Mass. July 19, 2019) ("Because named plaintiffs purport to represent a class, their alleged damages provide an appropriate basis on which to calculate the damages of a typical class member."); *In re Blackbaud, Inc.*, 2021 WL 1940581, at *5 (D.S.C. May 14, 2021) (ruling similarly).

Pasco County, Florida, which is in the same District as the United States District Court for the Middle District of Florida. Venue is also proper in this District under 28 U.S.C. §1391(b), to the extent that Plaintiff alleges that "Defendant sent or caused to be sent robocalls [*i.e.*, telephonic sales calls] into Florida" and that he "received such robocalls while residing and physically present in Florida." Compl., ¶ 19.

18. Defendant hereby reserves all rights to assert any available defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

## **CONCLUSION**

19. Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby respectfully removes this civil action to this Court.

Dated: November 9, 2022

Respectfully Submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
Josh A. Migdal, Esq.
Florida Bar No. 19136
josh@markmigdal.com
Yaniv Adar, Esq.
Florida Bar No. 63804
yaniv@markmigdal.com
eservice@markmigdal.com

*Attorneys for Defendant Coast Dental Services, LLC*

*Denotes "Lead Counsel" for purposes of Local Rule 2.02(a)

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on November 9, 2022, which served same electronically upon all counsel of record.

/s/ Yaniv Adar
Yaniv Adar
